The Honorable Shawn Womack State Representative P.O. Box 332 Mountain Home, AR 72654-0332
Dear Representative Hathorn:
I am writing in response to your request for my opinion on the following question:
 Can a municipal water department charge a higher rate to customers living outside the city limits rather than living inside city limits?
RESPONSE
Yes, if a reasonable basis exists for charging the higher rate.
Subsection 14-234-110(b)(3) of the Code, which deals with rates charged by municipal waterworks, provides:
 Water may be supplied to nonresident consumers at such rates as the legislative body of the municipality may deem just and reasonable, and the rates need not be the same as the rates charged residents of the municipality.
In City of Malvern v. Young, 205 Ark. 886, 894, 171 S.W.2d 470 (1943), the Arkansas Supreme Court acknowledged that a city may permissibly "pass an ordinance reasonably classifying customers as to distance, location, expense of delivery, etc." In Mt. Olive Water Association v. City of
Fayetteville, 313 Ark. 606, 615, 856 S.W.2d 864 (1993), the court noted that the issue of reasonableness is one "open to judicial review," id. at 615, and that the definition of "reasonable" is one "established by the common meaning of the term." Id. at 613. In Delony v. Rucker,227 Ark. 869, 873, 302 S.W.2d 287 (1957), the court noted that in light of the presumption of validity attending any legislation, a party challenging a differential rate bears the burden of establishing that the rate is arbitrary and unreasonable.
Finally, I should note that a particular contract to provide water might contain a provision for increasing rates based on some standard other than reasonableness. The courts will enforce such a provision. See Cityof Lamar v. City of Clarksville, 314 Ark. 413, 863 S.W.2d 805 (1993) (giving effect to a provision pegging rate increases to increased production costs).
For your information, I am enclosing a copy of Ark. Op. Att'y Gen. No.93-441, in which my immediate predecessor discussed the above principles in greater detail.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosure